


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3-24CR0022-X |
| STEPHEN LEE BAILEY | |

### FACTUAL RESUME

In support of Stephen L. Bailey's plea of guilty to Counts One and Two in the information, Stephen Lee Bailey, the defendant, Mark E. Donnelly, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offenses alleged in the information, charging violations of 15 U.S.C. §§ 77q(a) and 77x, that is, securities fraud, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*: That the defendant offered or sold securities and either

(1) employed any device, scheme, or artifice to defraud; or

(2) obtained money or property by means of any untrue statements of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) engaged in a transaction, practice, or course of business

---

[1] *Source: United States v. Lewis*, 774 F.3d 837, 841 (5th Cir. 2014); *United States v. Tucker*, 345 F.3d 320 (5th Cir. 2003).

Factual Resume—Page 1

which operated or would operate as a fraud or deceit upon a purchaser;

*Second:*   That the defendant acted willfully; and

*Third:*   That the defendant used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails.

## STIPULATED FACTS

1. The defendant admits and agrees that beginning by at least November 2017 through on or about May 2023, in the Northern District of Texas and elsewhere, he willfully, in connection with the offer and sale of securities, raised at least $5,000,000 from multiple individual investors through several unregistered securities offerings; that is, in the form of limited-partnership interests, promissory notes, common stock, and working interests in oil and gas wells, did by the use of transportation and communication in interstate commerce, directly and indirectly, obtained money by means of the omission of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading in violation of 15 U.S.C. §§ 77q(a) and 77x.

2. **Bailey** utilized several business entities including Harris Exploration, Inc. ("Harris") and Sapphire Exploration LLC, and various other Sapphire-related entities ("Sapphire"), which he owned and operated, to entice and solicit individuals to invest in various offerings.

3. **Bailey** created and distributed to investors all of the offering documents, term sheets, investor communications, and press releases regarding the relevant

investments.  **Bailey** admits that that there were omissions of material facts in these documents and that investors relied on these documents in investing in **Bailey's** various offerings.  Specifically, **Bailey** omitted information that some portion of the investor's investment would be appropriated to Bailey, personally, and that **Bailey** would use that money for his own personal expenses.

4. Throughout the relevant timeframe, **Bailey** misappropriated investor money for personal expenses, including through payments to himself and family use such as personal travel, private school tuition, meals and entertainment, and retail purchases. Bailey also paid approximately $630,000 of an undisclosed payment to another investor.

Sapphire SLADOME Offering

5. For example, from approximately August 2019 through September 2022, **Bailey** and Sapphire offered and sold unsecured convertible promissory notes in Sapphire SLADOME, raising approximately $825,000 from approximately 19 individual investors. According to a project summary that **Bailey** emailed to prospective investors in August 2019, Sapphire SLADOME was raising investor funds to conduct due diligence for the potential acquisition of working interests in an oil-and-gas-producing field in Louisiana, commonly known as the South Louisiana Salt Dome (or "SLADOME").

6. In **Bailey's** solicitation emails to investors, **Bailey** stated that "I want to raise capital to offset a portion of the pre-acquisition costs of evaluating and acquiring this property."  Additionally, the note purchase agreements for Sapphire SLADOME, signed by **Bailey**, contain a section titled "Use of Proceeds" that stated, "[Sapphire

SLADOME] will use the proceeds from the sale of the Notes for pre-acquisition due diligence expenses related to the Anticipated Purchase of [the SLADOME property]."

7. These statements concerning the use of proceeds were misleading because **Bailey** omitted the material fact that he planned to, and, in fact, did use a portion of the investor funds for personal expenses and one payment to another investor.

Proposed Acquisitions of Company A and Company B

8. **Bailey's** misrepresentations led investors to believe that he had an agreement in place for the purchase of Company A, and additionally, **Bailey**, through Harris, sought funding for the purchase of participation interests in Company A's recompletion wells. Harris received more than $1,500,000 of investor money related to his solicitations, from which **Bailey** transferred more than $1,100,000 of these funds to Sapphire.

9. On about May 2019, in the Northern District of Texas, investor S.F.[2] mailed a check via the United States Postal Service from the Northern District of Texas in the amount of $50,000 to Sapphire Exploration in Austin, Texas, to fund oil and gas exploration. **Bailey** comingled and converted those funds for purposes other than the represented oil and gas venture, including to pay his personal expenses and to make a payment to a previous investor.

10. On or about May 30, 2019, investor M.B. sent via wire transfer $50,000 from the Northern District of Texas to Sapphire located in Austin, Texas, to fund oil and

---

[2] Per Department of Justice policy, victims are identified by their initials.

Factual Resume—Page 4

gas exploration. Bailey comingled and converted those funds for purposes other than the represented oil and gas venture, including to pay his personal expenses and to make a payment to a previous investor.

11. The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to the information.

AGREED TO AND STIPULATED on this 11th day of JAN., 2024.

_____
Stephen Lee Bailey
Defendant

_____
Mark E. Donnelly
Attorney for Defendant

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
Marcus Busch
Assistant United States Attorney
Texas State Bar No. 03493300
1100 Commerce, Third Floor
Dallas, Texas 75242
Tel: 214.659.8600
Fax: 214.659.8812
Email: marcus.busch@usdoj.gov